Where the substitute is under the age of 18, and the substitution is made under the conscription acts, it may be a presumption of law, there being an act of Congress by which the government will be entitled to the services of the substitute at the age of 18, that the substitution was made in reference to this state of things, to wit: the prospective liability of the substitute, by reason whereof, the legal effect of the substitution is restrained, so that should the war continue so long, the government will then be entitled to the services of both substitute and principal. But where the substitution is made before the passage of the conscription acts, under the regulation of the War Department, October, 1861, there being no act of Congress in force making citizens, either presently or prospectively, liable to service in the Confederate army., the age of the substitute is immaterial; it can make no difference whether he be under ©r over the age of 18, or of what age he is, the only essential requirement being, that he is “an able-bodied man, fit for military service in the field consequently, the substitution cannot be presumed to have been made in reference to the age of the substitute, and there is nothing to restrain the legal, effect of the substitution. So, that should the war continue until the substitute .arrives at a certain age, say 18 or 25, or any other age, (for we might as well suppose one age as another, to have been in contemplation,) the Confederate Government would then be entitled to the services of both substititute and principal.
 

 Under the regulations Oct. 1861, above referred to, the fact of substitution tor the war, certified by the militia .Colonel, holding a draft, as in
 
 Ritter's
 
 case, or by the Captain, who was raising a company of volunteers, as in
 
 Kennedy's
 
 .case, liad the legal effect of exempting the principal Tor the war, .the addition by the Colonel or Captain of the words, “.and
 
 *196
 
 the principal is discharged from- military service in tlie Confederate armies for the war,” is mere surplusage, because it simply sets out a- conclusion of law,, from the' fact, that tlie substitute had been received in place of the principal- for the war; in other words, it is the law which discharges the principal, and not the Colonel or Captain. >
 

 In this case, the substitute was under 18, but he was put in and received by the Colonel- for the war, (March 5th, 1862) but the certificate of the Colonel, instead of expressing the conclusions of law, that the principal was thereby exempted for the war, sets out, that he is exempted until the substitute arrives at the age of 18; and the question is, does this sur-plusage vary or annul in part the conclusion of law, by which, from the fact of substitution for the war, the principal
 
 ipso
 
 facto, was exempted for the war ?■
 

 It seems to me, that a mere statement of the proposition is a full answer^ and the matter, when fairly presented,- is too plain for argument.- The Colonel might just as well have said that the principal was exempted until the substitute arrived at the age of 21 or 25, for we have seen that, at that time, there was no' act of Congress in force, having reference to any particular age, or making the age of the substitute- at all material, and, of course, the Colonel could not vary on» annul the legal effect of the fact of substitution, and there was no act of Congress, which could, by reference, vary the legal effect. For the sake of illustration, suppose an enrolling officer, under the exemption act, should certify that a man is a shoemaker, skilled at his- trade, and actually employed working for the public, &e., and thereupon give him a discharge for six months ; it is evident that the man is exempted “ so long as he continues to work at his trade,” because, that is a conclusion of law, from the facts, and does not, in any degree, depend on the discharge which the officer may see proper to set out.
 

 It is considered by me,, that Miles EL Prince, be forthwith discharged,- with leave to go wheresoever he will. The costs to be taxed by the clerk of the Superior Court of Wake county, and will be paid by John A. Spears. The clerk will filo the papers in his office and give copies.
 

 If. M. PEAESON, C. J. S. C.
 

 At Eichmon-d Hill, Oct. 17th, 1863.
 

 A* E.- ,B. Gilliam, Esq., was elected- Judge of the Superior Courts in- die place of Horn Thus. Euffin, Jr., resigned.